Git a ham, Judge,
delivered the opinion of the court:
This is a claim for commutation of quarters, heat, and light for the period from October 1, 1919, to September 5, 1921. The sum of $1,332.23 was originally allowed and paid the plaintiff on this account, and was afterwards disallowed by the comptroller. Plaintiff is suing to recover this amount.
The applicable statutes are as follows:
“ That during the present emergency every commissioned officer of the Army of the United States on duty in the field, or on active duty without the territorial jurisdiction of the *212 United States, who maintains a place of abode for a wife, child, or dependent parents, shall be furnished at the place where he maintains such place of abode, without regard to personal quarters furnished him elsewhere, the number of rooms prescribed by the act of March second, nineteen hundred and seven (Thirty-fourth Statutes, page eleven hundred and sixty-nine), to be occupied by, and only so long as occupied by, said wife, child, or dependent parent; and in case such quarters are not available every such commissioned officer shall be paid commutation thereof and commutation for heat and light at the rate authorized by law in cases where public quarters are not available; but nothing in this act shall be so construed as to reduce the allowances now authorized by law for any person in the Army.” (Act of April 16, 1918,40 Stat. 580.)
*{» íf* ‡ »i* ífc H»
“ That the Comptroller General of the United States is hereby authorized and directed to allow credit' in the accounts- of disbursing officers for payments of commutation of quarters, heat, and light under the act approved April 16, 1918 (Fortieth Statutes, page 530), because of a dependent parent, and as rental and subsistence allowance under the act of June 10, 1922 (Forty-second Statutes, page 625), because of a dependent mother, made in good faith by disbursing officers prior to July 1, 1923: Provided, That where the payee responded to a needy family condition in an amount at least equal to the allowances obtained by him no collection shall be made on account of payment of the allowances to him prior to July 1, 1923; and amounts heretofore collected as refund of the allowances obtained in such cases prior to July 1,1923, notwithstanding the protest of the payee, either by stoppage of pay, payment in cash, allotment of pay, or offset, shall be refunded; but this proviso shall not be applicable where the payee has admitted there was no dependency on him, or where he has refused to furnish evidence of the dependency, or where the payee has voluntarily refunded the payments in whole or in part, or has submitted no claim for the allowances in the nature of a protest against offset of his pay as refund of the payments.” (Act of May 26, 1926, 44 Stat. 654.)
The facts do not show the dependence of his father on the plaintiff nor the payment of an amount equal to the allowance obtained on account of an alleged “ needy family condition.” His father was between 43 and 45 years of age. He was not incapacitated for work or business, and in fact carried on a business for a portion of the time. He was a *213 watchmaker, and conducted the business of repairing watches, from which he received a small income. He remarried a year after his wife’s death and his second wife was living when this suit was brought, and has lived with him since their marriage. Plaintiff’s father had five children living during the period of this claim, four sons besides the plaintiff, three of whom were gainfully employed or in business. The youngest son, then a minor, was unemployed. It does not appear to what extent the father received assistance from the other children.
The plaintiff did not arrange for a place of abode for his father, and the findings do not show satisfactorily what, if anything, he contributed toward his father’s support.
The petition should be dismissed, and it is so ordered.
SiNNOtt, Judge; GeeeN, Judge; and Booth, Chief Justice, concur.
Moss, Judge, took no part in the decision of this case because of illness.